# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ALBERT B. GRECO, JR. §

v. § Civil Action No. 4:18-CV-671
§ (Judge Mazzant/Judge Nowak)

LSF9 MASTER PARTICIPATION TRUST, §
ET AL. §

## MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 12, 2019, the report of the Magistrate Judge (Dkt. #26) was entered containing proposed findings of fact and recommendations that Defendant/Counter-Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust's Motion for Summary Judgment (Dkt. #15) be granted in part. Having received the report of the Magistrate Judge, having considered Plaintiff Defendant's Objection (Dkt. #27), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted in part.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's objections. On August 31, 2018, Plaintiff filed the instant suit in the 199th Judicial District Court for Collin County, Texas seeking to invalidate the lien on the real property located at: 7107 Schafer Street, Dallas, Texas 75252 (the "Property"). On September 24, 2018, the case was removed to the Eastern District of Texas. This is Plaintiff's second lawsuit related to the Property.

After Plaintiff defaulted on the loan, Defendant filed a Rule 736 Application; on June 22, 2015, the state court entered an order permitting Defendant to proceed with a foreclosure sale. On August 31, 2015, Plaintiff filed a separate suit against Defendant (and other parties) in state court, trying to prevent foreclosure proceedings set for September 1, 2015. *See Greco v. Bank of America, N.A.*, No. 4:15-cv-767-ALM-CAN (the "First Lawsuit"). On November 3, 2015, the First Lawsuit was removed to this Court. On July 29, 2016, Plaintiff and Defendant settled their case, and entered into a Confidential Settlement and Release Agreement ("Settlement Agreement"). Under the Settlement Agreement, U.S. Bank agreed to pay Plaintiff $10,000.00 by July 29, 2016 and an additional $5,000.00 within five (5) days of Plaintiff vacating the Property. Plaintiff agreed to vacate the Property and remove all his personal belongings by December 22, 2016 and "not interfere with the transfer title to the Property effected through an uncontested foreclosure." Defendant paid Plaintiff the initial $10,000.00 payment on July 29, 2016. Thereafter, Plaintiff informed Defendant's counsel, in an email, that he had not vacated the Property as Defendant had "unilaterally conditioned [the $5,000.00] payment upon the satisfactory completion of an inspection of the [P]roperty with undefined boundaries" and there was "no such condition set forth in the [A]greement."

After the First Lawsuit was dismissed, on October 18, 2017, Defendant filed another Rule 736 Application in the state court. On June 21, 2018, the state court once again authorized Defendant to proceed with foreclosure of the Property; the Property was posted for a foreclosure sale for September 4, 2018. On August 31, 2018, Plaintiff filed the instant suit, which resulted on September 7, 2018, in the state court vacating its June 21, 2018 order, thereby barring the September 4, 2018 foreclosure sale. As a result, Defendant sent Plaintiff a Deacceleration Notice, withdrawing its previous acceleration of the loan. On September 24, 2018, the instant lawsuit was

removed from state court to the Eastern District of Texas.

On October 15, 2018, Defendant served Plaintiff with a new Notice of Default ("2018 Notice of Default"), notifying Plaintiff that the full amount of the default on the loan was due on or before November 19, 2018 and that failure to cure the default would accelerate the loan. Because Plaintiff did not cure the default, on January 15, 2019, Defendant served Plaintiff with a Notice of Acceleration ("2019 Notice of Acceleration"), notifying Plaintiff that Defendant had accelerated the debt.

Several days following acceleration, on January 18, 2019, Defendant filed its Original Counterclaim against Plaintiff for declaratory judgment authorizing non-judicial foreclosure and breach of contract based on the Settlement Agreement (Dkt. #11). On February 19, 2019, Defendant further filed a Motion for Summary Judgment (Dkt. #15). On August 12, 2019, the Magistrate Judge entered a Report and Recommendation, recommending that the Court grant Defendant's Motion for Summary Judgment in part (Dkt. #26). Specifically, the Report found that: (1) each of Plaintiff's claims against Defendant should be dismissed with prejudice, and that Plaintiff shall take nothing on his claims; (2) Defendant's claim for declaratory relief and writ of possession should be granted, Defendant should be authorized and allowed to non-judicially foreclose the lien and a writ of possession should issue against Plaintiff; (3) Defendant is not entitled to summary judgment on its request for permanent injunctive relief; and (4) Defendant is not entitled to summary judgment on its claim for breach of contract, and instead, the breach of contract claim should proceed to trial. On August 20, 2019, Defendant filed Objections (Dkt. #27).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files *timely* written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Defendant raises a single objection to the Report; Defendant argues there is no genuine issue of material fact as to whether Plaintiff breached the Settlement Agreement and thus summary judgment should have been granted on Defendant's counterclaim (Dkt. #27). Neither Plaintiff nor Defendant has objected to the Magistrate Judge's remaining findings, namely that: (1) each of Plaintiff's claims against Defendant should be dismissed with prejudice, and that Plaintiff shall take nothing on this claims; (2) Defendant's claim for declaratory relief and writ of possession should be granted, Defendant should be authorized and allowed to non-judicially foreclose the lien and a writ of possession should issue against Plaintiff; and (3) Defendant is not entitled to summary judgment on its request for permanent injunctive relief. Accordingly, these findings are hereby adopted except as to the granting and issuance of the writ of possession. The Court finds that because Defendant has moved to non-judicially foreclose the lien, an issuance for a writ of possession would be improper at this time. The Court now turns to Defendant's objection.

### *Defendant's Breach of Contract Claim*

The Report recommended denying summary judgment on Defendant's breach of contract claim finding there was a genuine issue of material fact as to whether Plaintiff's purported breach of the Settlement Agreement was excused by Defendant's alleged anticipatory breach. Specifically, by and through its Motion for Summary Judgment, Defendant asserted that Plaintiff breached the Settlement Agreement by refusing to vacate the Property and contesting Defendant's ability to enforce the Deed of Trust. Plaintiff responded that his alleged breach "was justified as

a result of the Defendant/Counter Plaintiffs' prior breach or articulated anticipatory breach of the Settlement Agreement" by making the payment of the additional $5,000.00 contingent upon an inspection of the Property.

The Report found that "[b]ased on the record currently before the Court, there is a genuine issue of material fact related to. . . .whether Defendant would have tendered the $5,000.00 upon Plaintiff vacating the Property and a satisfactory inspection of the premises or solely upon Plaintiff's vacating the Property, specifically, "[t]he summary judgment evidence indicates that Defendant's provision of the $5,000.00 sum would not be made until satisfactory inspection of the Property," and therefore, "a reasonable person might conclude that an anticipatory breach occurred, that Defendant may have not lived up to some part of the parties' agreement" (Dkt. #26 at p. 23). The Report also noted that "the inference is somewhat tenuous; however, such matter should be resolved by the trier of fact, rather than by summary judgment."

Defendant objects to this finding. Specifically, Defendant argues that:

the additional $5,000 in settlement funds was not contingent on Plaintiff just vacating the Property generally—it was contingent on Plaintiff vacating the Property in a very specific, negotiated way with certain fixtures and items left intact. An inspection, i.e. some actual review and confirmation of the Property's condition after vacating, was an implied term of the Settlement Agreement necessary to give effect to the parties' intention that the additional settlement funds only be paid to Plaintiff if he vacated the Property in the way agreed to in the Settlement Agreement. Therefore, there is no genuine issue of material fact regarding U.S. Bank's alleged (anticipatory) breach of the Settlement Agreement.

(Dkt. #27 at p. 2). As an initial matter, the Court notes that Defendants did not specifically argue, nor proffer any authority related to the consideration of implied contract terms or covenants in its briefing on the Motion for Summary Judgment. Plaintiff argued in his response to Defendant's summary judgment that Defendant had engaged in anticipatory breach by making payment of the remaining settlement funds conditional upon an inspection of the Property. To this point,

Defendant's reply stated, without any supporting authority, only that "inspection of the Property was a reasonable condition to payment, as the Settlement Agreement required Plaintiff to vacate the Property in a certain condition". Defendant cannot wait until briefing is completed and a recommendation is reached on the Motion's merit to raise a new argument and proffer authority in support of same; Defendant's argument that an implied covenant exists should have been presented to the Magistrate Judge. *See Knowles v. U.S., ex rel. F.B.I.*, 4:07-CV-578, 2009 WL 2882956, at *1 (E.D. Tex. Aug. 31, 2009); *Bancroft Life & Cas. ICC, Ltd. v. MMXCM Forte Group, Ltd, LLP*, H-12-1928, 2013 WL 12310677, at *2 (S.D. Tex. July 16, 2013) ("Legal arguments not presented to a magistrate judge are waived.") (citing *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 348 (5th Cir. 2011) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 (1995))).

Even so, the Court now finds, as the Report did, that the issue as to whether Plaintiff's breach of the Settlement Agreement is excused by Defendant's anticipatory breach in requiring an inspection of the Property (whether such inspection is condoned by an implied term of the Settlement Agreement or not) is best resolved by a trier of fact. Based upon independent review of the record, the Court is unable to find that there is no genuine issue of material fact concerning Defendant's anticipatory breach. *See Levels v. Merlino*, 969 F. Supp. 2d 704, 729 (N.D. Tex. 2013). Defendant's objection is overruled.[1] On the record before the Court, summary judgment is not appropriate on the issue of whether Plaintiff breached the Settlement Agreement and/or is excused from such purported breach by virtue of Defendant's anticipatory breach. Furthermore,

---

[1] Defendant also raises a new argument that Plaintiff breached the implied duty to cooperate by failing to vacate the Property and failing to allow an inspection of the Property (Dkt. #27 at p. 8); as discussed *supra*, this argument is untimely and further, based upon review of the record, is not appropriately decided at the summary judgment stage.

the element of damages and/or amount of damages on Defendant's Counterclaim is also not able to be adequately determined upon the present record.

## CONCLUSION

Having considered Defendant's Objection (Dkt. #27), and having conducted a de novo review, the Court adopts the findings of the Magistrate Judge (Dkt. #26) that: (1) each of Plaintiff's claims against Defendant should be dismissed with prejudice, and that Plaintiff shall take nothing on his claims; (2) Defendant's claim for declaratory relief should be granted, Defendant should be authorized and allowed to non-judicially foreclose the lien; (3) Defendant is not entitled to summary judgment on its request for permanent injunctive relief; and (4) a genuine issue of material fact exists as to whether Plaintiff's purported breach of the Settlement Agreement was excused by Defendant's alleged anticipatory breach. Furthermore, the Court finds that Defendant's request for a writ of possession is improper at this time and should be denied.

It is **ORDERED** that Defendant/Counter-Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust's Motion for Summary Judgment (Dkt. #15) is **GRANTED IN PART**. Each of Plaintiff's claims against Defendant is **DISMISSED WITH PREJUDICE**. Defendant's claim for declaratory relief is **GRANTED**. Defendant is authorized and allowed to non-judicially foreclose the lien. Defendant's request for permanent injunctive relief, request for a writ of possession, and claim for breach of contract claim are each **DENIED**; the breach of contract claim shall proceed to trial.

**IT IS SO ORDERED**.
 **SIGNED this 19th day of September, 2019.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE